IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREG GRISWOLD,

                Appellant,

v.

BRENDA ZEDDUN, TRUSTEE,

                Appellee.

OPINION & ORDER

14-cv-718-jdp

---

Appellant Greg Griswold appealed the judgment of the Bankruptcy Court for the Western District of Wisconsin voiding a transfer to Griswold of a 40-acre farm owned by Laura Wierzbicki. The bankruptcy court had concluded that Wierzbicki did not receive "reasonably equivalent value" from Griswold in exchange for giving him ownership of the farm. I affirmed the bankruptcy court's judgment in a September 15, 2015, order. Griswold has now filed a document titled "Motion Seeking Reconsideration" of the September 15 order. Dkt. 16. I construe this motion as one for rehearing under Federal Rule of Bankruptcy Procedure 8022. Because Griswold fails to persuade me that my ruling was incorrect, I will deny this motion.

A motion for rehearing is "the bankruptcy counterpart to Fed. R. Civ. P. 59(e)." *Matter of Grabhill Corp.*, 983 F.2d 773, 775 (7th Cir. 1993). A Rule 8022 motion "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Rule 8022(a)(2). Griswold's motion exceeds by twice the length limit of Rule 8022(b)—"[u]nless the district court . . . orders otherwise, a motion for rehearing must not exceed 15 pages")—and he contends that most aspects of the September 15 order are incorrect.

In particular, he argues:

- The farm was encumbered by a *lis pendens* he filed in 2009.

- He and Wierzbicki each held $75,000 homestead exemptions in the farm that, when combined, completely offset the value of the farm, leaving it worth nothing at the time of transfer.

- He obtained an interest in the farm after the state court decision concluding that he held no interest.

- Wierzbicki received reasonably equivalent value for the farm in the form of harmony among her, Griswold, and their children.

Griswold does not present any persuasive argument that I incorrectly decided these issues in the September 15 order. He just rehashes the unsuccessful arguments he made in his previous briefing. Because Griswold fails to show that I overlooked or misapprehended any facts or governing law, I will deny his motion for rehearing.

Griswold also filed a motion to stay the judgment pending resolution of the bankruptcy appeal. Dkt. 20. Griswold stated that the bankruptcy trustee intended to immediately proceed with a sale of the farm, but he did not substantiate this assertion with any evidence, and the trustee responded that no sale was imminent. Dkt. 21. Because I am denying Griswold's motion for rehearing, I will deny his motion to stay the judgment. Should Griswold renew his request for a stay in conjunction with further appeals, he will have to support his request with evidence and argument explaining why a stay should be granted.

The September 15 order also addressed a separate appeal (case no. 15-cv-250-jdp) from an order in the bankruptcy case denying Griswold's motion for Bankruptcy Judge Martin's recusal. Dkt. 14, at 17. I construed the '250 case as including a request for leave to take an interlocutory appeal, and I denied that request. Although Griswold did not include the caption for the '250 case on his motion for rehearing, he includes a request for

2

reconsideration of my ruling in that case as well. But, just as with the '780 case, Griswold does not persuade me that I erred in concluding that he came "nowhere close" to showing that his interlocutory appeal involved a controlling question of law over which there is a substantial ground for difference of opinion, and that an immediate appeal from the order might materially advance the termination of the litigation. *Id*. at 17-18. I will deny his request for reconsideration in the '250 case, and direct the clerk of court to docket his motion and this ruling in the '250 case.

## ORDER

IT IS ORDERED that:

1. Appellant Greg Griswold's motion for rehearing, Dkt. 16, is DENIED.

2. Appellant's motion to stay the judgment pending resolution of the bankruptcy appeal, Dkt. 20, is DENIED as moot.

3. Appellant's motion for reconsideration in case no. 15-cv-250-jdp, Dkt. 16, is DENIED. The clerk of court is directed to docket appellant's motion and this ruling in the '250 case.

Entered February 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge